FOR PUBLICATION

<div style="border:1px solid black">

## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN
## APPELLATE DIVISION

</div>

| | |
|---|---|
| JOHN VICTOR )<br><br>    *Appellant,* )<br><br>**v.** )<br><br>PEOPLE OF THE VIRGIN ISLANDS )<br><br>    *Appellee.* )<br>_____) | D.C. Crim. App. No.2006-37<br><br>Super. Ct. Crim. No. 2005-492 |

On Appeal from the Superior Court of the Virgin Islands,
the Honorable Rhys S. Hodge presiding.

### Considered: March 5, 2010
### Filed: July 24, 2012

BEFORE: **CURTIS V. GÓMEZ,** Chief Judge of the District Court of the
Virgin Islands; **RAYMOND FINCH,** Judge of the District Court of the
Virgin Islands; and **JULIO BRADY,** Judge of the Superior Court,
Division of St. Croix, sitting by designation.

ATTORNEYS:

**Debra S. Watlington, TPD**
St. Thomas, U.S.V.I.
     *For the Appellant,*

**Maureen Phelan, AAG**
**Terrlyn M. Smock, AAG**
St. Thomas, U.S.V.I.
     *For the Appellee.*

*Victor v. People of the Virgin Islands*
D.C. Crim. App. No. 2006-37
Memorandum Opinion
Page 2

| MEMORANDUM OPINION |
| --- |

**PER CURIAM,**

Before the Court is the appeal of  John Victor ("Victor") of
his convictions for driving while under the influence of
intoxicating liquor, in violation of V.I. CODE ANN. tit. 20, §
493(a)(1), driving under the influence with .08 percent or more
by weight of alcohol in his blood, in violation of V.I. CODE ANN.
tit. 20, § 493(a)(2).  For the reasons stated below, the Court
will affirm Victor's convictions.

## I. FACTS

At around 7:00 a.m. on November 21, 2005, Victor hit a
parked car while driving in the vicinity of the Bethel Baptist
School located in  the Hospital Ground area of St. Thomas.
Officer Enid Edwards ("Officer Edwards") was dispatched to the
scene of the collision to investigate.  She interviewed Victor
and the owner of the parked car involved in the accident.

While speaking with Victor, Officer Edwards observed that he
was exhibiting signs of intoxication. Victor told Officer Edwards
he had consumed one Heineken beer the morning of the accident.

Subsequently, Victor was transported to the police station.
There, he was asked if he would submit to a chemical intoxilyzer

*Victor v. People of the Virgin Islands*
D.C. Crim. App. No. 2006-37
Memorandum Opinion
Page 3

test.  He consented and blew into the chemical intoxilyzer machine. The test registered his alcohol content as .12.

Thereafter, Victor was charged with driving under the influence of an intoxicating liquor in violation of V.I. CODE ANN. tit. 20, § 493(a)(1), driving under the influence with .08 percent or more by weight of alcohol in his blood in violation of  V.I. CODE ANN. tit. 20, § 493(a)(2), and operating a motor vehicle in a negligent manner over and along a public highway of the territory in violation of V.I. CODE ANN. tit. 20, § 503.

At a bench trial, the Government presented two witnesses, Ms. Edris Fleming ("Fleming"), the owner of the parked car with which Victor collided, and Officer Edwards.  Fleming testified that she parked her car on the public highway near the school area, and that the defendant collided with her when attempting to reverse out of the school yard.  Officer Edwards testified that she observed Victor smelling strongly of alcohol, exhibiting slurred speech, and having difficulty maintaining his balance.

The Court found Victor guilty of all three counts. Victor thereafter timely filed this appeal.  Victor raises one issue on appeal, whether the trial court erred when it admitted and relied on a deficient certificate of calibration for the chemical intoxilyzer.

*Victor v. People of the Virgin Islands*
D.C. Crim. App. No. 2006-37
Memorandum Opinion
Page 4

## II. DISCUSSION

### A. Jurisdiction and Standard of Review

This Court has jurisdiction to review criminal judgments and orders of the Superior Court in cases in which the defendant has been convicted, and has not entered a guilty plea. *See* V.I. CODE ANN. tit. 4, § 33 (2006); Revised Organic Act of 1984, 28 U.S.C. § 1613(a)(2006).

When considering decisions on the admission of evidence, the standard of review is abuse of discretion. *United States v. Kellogg*, 510 F.3d 188, 197 (3d Cir. 2007) (citing *United States v. Jemal*, 26 F.3d 1267, 1272 (3d Cir. 1994)). "An abuse of discretion arises when the [trial] court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact." *Hanover Potato Products, Inc. v. Shalala*, 989 F.2d 123, 127 (3d Cir. 1993) (quotation and citation omitted).

## III. ANALYSIS

Victor argues that the trial court committed reversible error when it admitted and relied upon a defective certificate of calibration to convict him of violations of 20 V.I.C. § 493(a)(1) & (a)(2). He asserts that the circumstances under which the certificate of calibration in this case was produced failed to align with the requirements of Section 493b ("Section 493b") of

*Victor v. People of the Virgin Islands*
D.C. Crim. App. No. 2006-37
Memorandum Opinion
Page 5

title 20 of the Virgin Islands Code. Section 493b provides

guidelines for the certification of chemical test operators and

machines.  It provides in pertinent part:

> (a) the crime laboratory of the Department of Justice
> shall promulgate rules concerning the certification of:
> (1) chemical test operators;
> (2) machines and chemicals, if any, used in the
> operation of such machines; and
> (3) the technique used in operating a chemical test
> machine.
> (b) The rules promulgated under subsection (a) of this
> section shall provide for the issuance of a
> certificate:
> (1) to each properly trained chemical test operator;
> (2) for each properly inspected and calibrated test
> machine; and
> (3) stating the correct procedure to be used in
> operating a chemical test machine.
>
> Certificates issued under (b)(2) must specify the
> specific period of time for which the inspection and
> calibration is valid.

V.I. CODE ANN. tit. 20, § 493b.

At trial, the Government sought to introduce the results of

the test performed on Victor at the traffic bureau.  Victor

objected to the admission of the results from that test, because

he expressed concern that the machine used did not have a

certificate of calibration that conformed with statutory

mandates.  Victor highlighted that the certificate merely

indicated the date it was signed -- July 18, 2005 -- but failed,

to "specify the time for which the inspection and calibration is

valid." *Id.*  Officer Edwards testified that she was certified to

*Victor v. People of the Virgin Islands*
D.C. Crim. App. No. 2006-37
Memorandum Opinion
Page 6

use the intoxylizer machine.  She further testified that the
machine on which Victor was tested had last been calibrated in
July, 2005, and that calibration was performed on an annual
basis.  The trial court found that the testimony of Officer
Edwards provided an appropriate basis for admission of the
certificate:

> THE COURT: I'm going to admit the certificate into
> evidence and rule based upon the testimony of Officer
> Edwards and given her experience in the department and
> familiarity with these matters that the calibration is
> done annually and this satisfies the statute.

(J.A. 33.)

The contents of the certificate of calibration are
straightforward.  The certificate does not indicate the time
period for which the inspection and calibration was valid, but
merely states the date that the certifying technician signed the
certificate.  The Court thus must disagree with the trial court.
The certificate did not conform with the requirements of Section
493b.  Officer Edward's testimony about the VIPD's calibration
practices did nothing to cure that deficiency.

The certificate's shortcomings with respect to section 493b,
however, did not render it inadmissible.  Federal Rule of
Evidence 402 provides that " [a]ll relevant evidence is
admissible, except as otherwise provided by the Constitution of

*Victor v. People of the Virgin Islands*
D.C. Crim. App. No. 2006-37
Memorandum Opinion
Page 7

the United States, by Act of Congress, by [the Federal Rules of

Evidence], or by other rules prescribed by the Supreme Court

pursuant to statutory authority." Fed. R. Evid. 402.   The

calibration of the intoxylizer is relevant as it bears on the

reliability of the intoxylizer results.   Victor has failed to

point to any Rule of Evidence that would warrant the

certificate's exclusion.   He seems to invite the Court to

construe section 493b as an evidentiary rule.   The Court must

decline his invitation. The Court finds no abuse of discretion

with the trial court's admission of the certificate of

calibration.

Victor further objects to the certificate's admission in

light of the statutory allowance for such certificates to trigger

certain presumptions. Section 493a provides:

> (a) Upon the trial of any criminal action, or
> preliminary proceeding in a criminal action, arising
> out of acts alleged to have been committed by any
> person in violation of subsection (a) of section 493 of
> this chapter while under the influence of an
> intoxicating liquor, *the results of any chemical test
> or tests administered in accordance with the provisions
> of section 493c of this chapter shall be admissible
> into evidence when otherwise admissible, and the amount
> of alcohol in the person's blood at the time alleged as
> shown by chemical analysis of the person's breath,
> blood or urine, shall give rise to the following
> presumptions:*
> · · · ·

*Victor v. People of the Virgin Islands*
D.C. Crim. App. No. 2006-37
Memorandum Opinion
Page 8

> (3) If there was at that time 0.10 percent or more by
> weight of alcohol in the person's blood, *that fact
> shall be prima facie evidence that the person was under
> the influence of an intoxicating liquor.*

V.I. CODE ANN. tit. 20, § 493a (emphasis supplied).  At the close

of its case, the Government moved for the application of that

presumption in light of Victor's breathalyzer results.  The

language of section 493a specifically speaks to the performance

of chemical tests in conformity with section 493c.  The

certificate of calibration is not part of the procedures outlined

in section 493c.  As such, it follows that a defect in the

certificate of calibration would not interfere with the

presumptions enumerated at section 493a.

Even assuming that the presumption should not have had force

here, there was ample evidence adduced that Victor was

intoxicated while driving his car.  In order to be convicted for

driving while intoxicated, the Government must provide proof that

the defendant was "affected by the ingestion of alcohol to a

degree beyond mere impairment of ability to operate." *Gov't of

the V.I. v. Grant*, 19 V.I. 343, 347 (Terr. Ct. January 12, 1983).

"Evidence of chemical tests of a subject's blood is not a

necessary element of prosecution for driving while intoxicated."

*Gov't of the V.I. v. Moses*, 12 V.I. 589, 593 (D.V.I. 1976).

*Victor v. People of the Virgin Islands*
D.C. Crim. App. No. 2006-37
Memorandum Opinion
Page 9

Furthermore, in drunk driving cases, the trier of fact must rely

on the perceptions and evaluations of witnesses. *Gov't of the*

*V.I. v. Steven*, 962 F. Supp. 682, 687 (D.V.I. 1997).

Both Officer Edwards and Ms. Fleming offered testimony that

Victor demonstrated signs of struggling to maintain his faculties

while under the influence of alcohol on the morning of the

collision.  Ms. Fleming gave the following testimony about

Victor's demeanor:

> Q: What did Mr. Victor tell you?
>
> A: When he spoke to me, he was not speaking very clear.
>    He was like babbling and he couldn't stand straight
>    and I could smell alcohol fumes coming from his
>    mouth.

(J.A. 16).

Officer Edwards noted that Victor smelled of alcohol and

displayed other indicia of inebriation:

> Q: Officer Edwards, you said you indicated on your
>    report who was at fault?  Who did you indicate was at
>    fault?
>
> A: Mr. John Victor.
>
> Q: And how did you come to that conclusion?
>
> A: He collided with a parked vehicle. There was a very
>    strong odor of alcohol on his breath and apparently had
>    slurred speech and he wasn't able to hold the note pad.
>    He wasn't able to stand. I asked him if he had been
>    drinking. He said he had a beer in the morning . . . .

(J.A. 21.)

*Victor v. People of the Virgin Islands*
D.C. Crim. App. No. 2006-37
Memorandum Opinion
Page 10

In light of this testimony, the application of the presumption that Victor was intoxicated, if in error, amounted to a harmless error.

### IV. <u>CONCLUSION</u>

For the reasons stated above, the Court will affirm Victor's convictions. An appropriate judgment accompanies this opinion.